IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUYNH THANG DUC (#055486825), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-2777-B-BN |
| U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Thang Duc Huynh, at the time detained at the Prairieland Detention Center, in the Dallas Division of this district, filed a petition under 28 U.S.C. § 2241. *See* Dkt. No. 3. This resulting habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Huynh's habeas petition as moot.

**Applicable Background**

Huynh, an Indonesian native and Vietnamese citizen, was placed into removal proceedings based on his state conviction for possession of marijuana. He was ordered removed by an immigration court in 2012. He did not appeal that decision. And, because authorities were unable to obtain a Vietnamese travel document for him, he was released on an Order of Supervision in January 2013. Difficulties or delays with

obtaining travel documents for Vietnamese nationals, including Huynh, continued. But, in June 2017, immigration authorities in the United States determined that Huynh must be detained because there was, at that time, a significant likelihood that he will be removed in the near future.

He filed this habeas action in October 2017, challenging his immigration detention. *See, e.g.,* Dkt. No. 3 at 8 (stating that he exact relief he seeks is "to be detained [no] longer"). The government filed a response in opposition. *See* Dkt. Nos. 7 & 8. Huynh then filed a reply brief. *See* Dkt. No. 9. And, on March 29, 2018, the government filed a Notice of Release, informing the Court that, "[o]n March 28, 2018, the United States Immigration and Customs Enforcement (ICE) released Petitioner Thang Duc Huynh from ICE custody pending his removal." Dkt. No. 10.

## Legal Standards and Analysis

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual

relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). A case further "becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation" and "can also become moot when the parties lack a legally cognizable interest in the outcome." *Sylla v. Gonzalez*, No. Civ. A. 05-1442, 2006 WL 1687801, at *1 (W.D. La. Apr. 26, 2006) (quoting *Chevron, U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)).

Here, Huynh has obtained the relief that he seeks through his habeas petition – his release from detention pending removal. *Compare* Dkt. No. 3, *with* Dkt. No. 10. His petition is therefore moot. *See Sylla*, 2006 WL 1687801, at *1 ("Sylla obtained his only requested relief, release from detention pending his removal from the United States, therefore his petition for habeas relief ... is moot."); *see also Sanchez v. Attorney Gen., U.S.*, 146 F. App'x 547, 549 (3d Cir. 2005) (per curiam) (While on appeal, "Sanchez was released from immigration custody pending his removal from the United States, according to a letter submitted to this Court by the U.S. Attorney after the appellees' brief was filed.... In view of this development we conclude that the appeal is moot. In his habeas petition, Sanchez sought release from detention. He has achieved that result.... The action of the Department of Homeland Security has forestalled any occasion for this Court to provide meaningful relief." (citations omitted)).

### Recommendation

The Court should dismiss the Section 2241 petition as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 30, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE